UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN WALLACE HOWELL                                           CIVIL ACTION

VERSUS                                                        N. 11-2399

MICHAEL J. ASTRUE                                             SECTION: "A" (1)
COMMISSIONER SOCIAL SECURITY
ADMINISTRATION

# ORDER

The Court having considered the motions, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, remands this matter to the Commissioner for further proceedings. In statement of error number two of Plaintiff's motion for summary judgement (Rec. Doc. 4), the Plaintiff argues that the ALJ abused his discretion by assigning no weight to the opinions and conclusions of the Plaintiff's treating physician Dr. Gordon Blundell, M.D., and by concluding that the statements made by Dr. Blundell were based upon "subjective assertions by claimant taken as truths and his parroting of such complaints in assisting claimant with completing this form in attempts to acquire disability." This Court finds merit to this argument insofar as the ALJ reached certain conclusions about Plaintiff's RFC that contradicted Dr. Blundell's conclusions.[1] On the other hand, the Court looks with disfavor upon the rote type of checklist form that Plaintiff used as evidence of Dr. Blundell's findings, given the dearth of other objective evidence in the

---

[1] The ALJ notes that he found inconsistencies, then opines that "such marked and extreme limitations. . . would be consistent with an individual who requires institutionalization" but he does not give the basis for his statements.

record to corroborate Dr. Blundell's assertions. The Court is persuaded that the outcome of Plaintiff's decision might very well have been different if Plaintiff had provided a more comprehensive report from Dr. Blundell detailing the facts upon which he based his conclusions. Additional evidence from Dr. Blundell would likely be particularly key in this case because none of the other objective evidence in the record expressly contradicts his conclusions.

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Commissioner for an additional evidentiary hearing on the fact issues involved in the determination of whether Plaintiff can perform past work or any other work, seeking additional evidence from treating physicians, including but not limited to Dr. Blundell, and considering all his impairments. The Commissioner is to reconsider his prior decision in view of that additional evidence together with the rest of the record.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE